IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:21-cr-00076

TIFFANY SHAFFER,

        Defendant.

MEMORANDUM OPINION AND ORDER

I.    Introduction

Pending before the court is Defendant Tiffany Shaffer's Motion for Leave to File Defendant's Sentencing Memorandum Under Seal. [ECF No. 17]. The Motion is **DENIED**.

II.    Applicable Law

"Public access to the courts has long been a fundamental tenant of American democracy, helping to ensure that our system of justice functions fairly and that citizens can observe the actions of their government." David S. Ardia, *Privacy and Court Records: Online Access and the Loss of Practical Obscurity*, 2017 U. Ill. L. Rev. 1385, 1391 (2017). Adhering to this ideology, "courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'n*, 435 U.S. 589, 597 (1978)

(footnote omitted). There are many benefits in allowing the public to inspect court documents and attend court hearings. For example, it "fosters the important values of quality, honesty and respect for our legal system." *In re Providence Journal Co., Inc.*, 293 F.3d 1, 9 (1st Cir. 2002). It also "curb[s] judicial abuses, and to provide[s] the public with a more complete understanding of the judicial system, including a better perception of fairness." *Doe v. Public Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). Public access to the courts and court records also allows "the public [to] judge the product of the courts in a given case." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Id.* (citing *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). "The common law does not afford as much substantive protection to the interests of the press and public as the First Amendment does." *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986). "Regardless of whether the right of access arises from the First Amendment or the common law, it may be abrogated only in *unusual circumstances.*" *Va. Dep't of State Police*, 386 F.3d at 576 (emphasis supplied) (internal quotation marks and citation omitted).

The Fourth Circuit has held that "the First Amendment right of access applies to documents filed in connection with plea hearings and sentencing hearings in criminal cases, as well as to the hearings themselves." *In re Wash. Post Co.*, 807 F.2d at 391. Accordingly, sentencing memoranda are analyzed under the more stringent

standard of the First Amendment. "When the First Amendment provides a right of access, a district court may restrict access '*only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.*'" *Va. Dep't of State Police*, 386 F.3d at 575 (citing *Stone*, 855 F.2d at 180) (emphasis added). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Id.* (citing *Press-Enter. Co. v. Superior Court (Press Enter. II)*, 478 U.S. 1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion[.]")).

Courts addressing this issue consistently hold that sentencing memoranda should not be kept under seal because the documents are "judicial records" and, absent unusual circumstances, do not contain the type of information that typically outweighs the public's right of access. *See, e.g., United States v. Stier*, No. 2:17-cr-00054, 20118 WL 1787888, at *3 (S.D. W. Va. April 13, 2018); *United States v. Kushner*, 349 F.Supp.2d 892, 905 (D.N.J. 2005); *United States v. Hirsh*, No. 03-58, 2007 U.S. Dist. LEXIS 45485, at *8–12, 2007 WL 1810703 (E.D. Pa. June 22, 2007); *United States v. McGrail*, No. 05-cr-281-SM, 2006 U.S. Dist. LEXIS 83027, at *1–2 (D.N.H. Nov. 14, 2006); *United States v. Laberge*, No. 1:04-cr-487, 2005 U.S. Dist. LEXIS 43911, at *6–10 (N.D.N.Y. Aug. 26, 2005).

### III. Analysis

Because Defendant is seeking to seal documents filed connected to her sentencing hearing, she must overcome the First Amendment's right of access by

showing that "closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" *Doe*, 749 F.3d at 266 (citation omitted). Defendant "must present specific reasons in support of [her] position." *Va. Dep't of State Police*, 386 F.3d at 575. "The First Amendment right of access cannot be overcome by [a] conclusory assertion." *Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 15 (1986).

Defendant has failed to meet her burden. The Motion does not contain enough information for the court to find that there is a compelling government interest in sealing the documents, let alone that the complete denial of public access is narrowly tailored enough to serve that interest. Rather, the Motion merely states that "the sentencing memorandum and exhibits . . . provide personal and confidential details about [Defendant's] family and health history, as well as personally identifying information related to her employment and education." [ECF No. 17]. This is insufficient. Defendant has not pointed to a compelling government interest, nor has she identified specific information that is worthy of such extraordinary protection.

Having reviewed the memorandum and exhibits, I see no information that falls outside that typically made public in sentencing memoranda. As this court has long recognized, "all sentencing memoranda will likely contain personal information about the defendants, but only those cases which present 'unusual circumstances' will warrant confidentiality." *United States of America v. Taylor*, No. 5:07-cr-00123, 2008 WL 161900, at *3 (S.D. W. Va. Jan. 15, 2008).

4

### IV. Conclusion

For the foregoing reasons, Defendant's Motion [ECF No. 17] is **DENIED**. However, to the extent Defendant's sentencing memorandum and the attached exhibits contain information that may be redacted pursuant to Local Rule of Criminal Procedure 49.1.1(a), Defendant may make such redactions before filing an unsealed version of her sentencing memorandum. Therefore, I will not order that the previously filed version of the sentencing memorandum be unsealed. Instead, the court **ORDERS** that Defendant file an unsealed version of her sentencing memorandum and the attached exhibits, with any appropriate redactions, no later than 5:00 p.m. on September 20, 2021.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: September 17, 2021

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE