IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                            CRIMINAL ACTION NO. 2:21-cr-00076

TIFFANY SHAFFER,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Tiffany Shaffer's motion for reconsideration of her sentence pursuant to 18 U.S.C. § 3742(e). [ECF No. 27]. For the reasons outlined below, the Motion is **DENIED**.

On June 28, 2021, Ms. Shaffer pled guilty to violating 21 U.S.C. § 841(a)(1), and she was ultimately sentenced to 71 months of imprisonment, followed by a four-year term of supervised release. [ECF No. 21]. The defendant did not appeal her sentence, which she is currently serving at FPC Alderson, located in Summers County, West Virginia. [ECF No. 27]. Since arriving at FCP Alderson, Ms. Shaffer has earned seven certificates based on her completion of various drug education and employment courses. [ECF No. 27-2].

Ms. Shaffer now seeks, based on that post-sentencing rehabilitation programming, to reduce her sentence pursuant to 18 U.S.C. § 3742(e). However, Defendant's Motion is procedurally improper for an appeal under section 3742, which

provides that a defendant may "file a notice of appeal in the district court for review of an otherwise final sentence." *Id.* § 3742(a). Upon appeal, the appellate court determines whether a defendant's sentence was imposed in violation of the law, departed from the applicable guideline range, was imposed as a result of an incorrect application of the sentencing guidelines, or was plainly unreasonable. *Id.* § 3742(e)(1)–(4). The court of appeals then either affirms the defendant's sentence, or remands to the district court for resentencing. *Id.* § 3742(f). Here, Ms. Shaffer did not file a notice of appeal, but instead filed a motion for reconsideration of her imposed sentence. To comply with the provisions of section 3742, Ms. Shaffer should have filed a notice of appeal rather than a motion for reconsideration.

Even if she had filed a proper appeal, Ms. Shaffer's efforts would be unsuccessful because she has waived her appellate rights under 18 U.S.C. § 3742. Defendant's plea agreement contains the following provision:

> Ms. Shaffer knowingly and voluntarily waives the right to seek appellate review of her conviction and of any sentence of imprisonment, fine or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment, fine or term of supervised release is below or within the Sentencing Guideline range corresponding to offense level 32, regardless of criminal history.

[ECF No. 13, at 5].

The Sentencing Guidelines for a violation of 21 U.S.C. § 841(a)(1), and a total offense level of 32, range from 121 to 262 months of imprisonment, and at least four

years of supervised release. *See* [ECF No. 25]; *see also* U.S.S.G. § 2D1.1(c)(4); 21 U.S.C. § 841(b)(1)(B).[1] The defendant's sentence of 71 months of imprisonment and four years of supervised release falls well below the Sentencing Guideline range corresponding to offense level 32. *See* [ECF No. 21].

At Ms. Shaffer's plea hearing, this court ascertained that she had given up her right to appeal and identified the other rights she waived by pleading guilty. [ECF No. 9]. The court likewise determined that Ms. Shaffer understood the charge against her, and the applicable penalties. *Id.* Ms. Shaffer represented to the court that she was satisfied with her attorney's services and that she voluntarily, and knowingly, entered into the plea agreement. *Id.* The waiver of appellate rights provision was likewise set forth in a separate paragraph of the plea agreement and was specifically addressed at the plea hearing. *Id.*; *see also* [ECF No. 13].

By knowingly and voluntarily entering into her plea agreement, Ms. Shaffer explicitly waived her right to appeal her sentence under 18 U.S.C. § 3742. *See, e.g.*, *United States v. Blick*, 408 F.3d 162 (4th Cir. 2005) (holding that the waiver of appellate rights provision in a plea agreement is enforceable where the waiver was knowing and voluntary); *United States v. Washington*, 221 F.App'x 192, 194–95 (4th Cir. 2007) (dismissing an appeal pursuant to 18 U.S.C. § 3742 where the defendant's plea agreement included a waiver of appeal provision).

Defendant's reliance on *Pepper v. United States*, 562 U.S. 476 (2011), is likewise unpersuasive. [ECF No. 27, at 1]. In *Pepper*, the Supreme Court held that

---

[1] The defendant's total offense level was ultimately determined to be a level 29, based on a three-point reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a)–(b).

3

"when a defendant's sentence has been set aside on appeal and his case remanded for sentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and such evidence may, in appropriate cases, support a downward variance from advisory Guidelines range." *Id.* at 481. Rehabilitation may be considered by a court when sentencing or resentencing a defendant, but it is not an independent ground for a defendant to obtain a resentencing. *See United States v. Edmondson*, 799 F. Supp. 2d 1297, 1299 (M.D. Ala. 2011) (finding that "while rehabilitation may be a ground the court can consider if it is in the midst of sentencing or resentencing, rehabilitation is not a justification for the court to resentence the defendant in the first place"); *United States v. Yates,* No. 02–30021, 2011 WL 6140654, at *3 (C.D. Ill. Dec. 9, 2011) (holding that *Pepper* does "not provide an independent basis" for resentencing when a defendant's sentence has not been set aside on appeal).

Here, Ms. Shaffer's sentence has not been set aside on appeal, and her case has not been remanded for resentencing. Moreover, by signing her plea agreement, Ms. Shaffer expressly waived her ability to appeal her sentence "on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742." [ECF No. 13, at 5]. While the court commends Ms. Shaffer for her rehabilitative efforts, *Pepper* is inapplicable, and Defendant's motion for reconsideration must be denied.

For those reasons, the court **ORDERS** that Defendant's Motion for Reconsideration [ECF No. 27] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: April 10, 2023

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE